IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FRANCIS O'LEARY, | 1:06-CV-1687 AWI WMW HC |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 3, 2007, the court issued an order requiring Petitioner to submit a certified copy of his prison trust account statement for the entire six-month period immediately preceding the filing of the petition OR pay the $5.00 filing fee for this action], within thirty (30) days from the date of service of that order.  The thirty-day period has passed, and Petitioner has failed to comply with or otherwise respond to the court's order.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The court finds that the public's interest in expeditiously resolving this litigation and the

1

1 court's interest in managing the docket weigh in favor of dismissal, as this case has been pending
2 since November 21, 2006.  The third factor, risk of prejudice to Respondents, also weighs in favor of
3 dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
4 prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor --
5 public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in
6 favor of dismissal discussed herein.  Finally, a court's warning to a party that failure to obey the
7 court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik
8 v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The court's
9 order expressly stated: "Failure to comply with this order will result in a recommendation that this
10 action be dismissed."  Thus, Petitioner had adequate warning that dismissal would result from his
11 noncompliance with the court's order.

12          Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED
13 for Petitioner's failure to prosecute.  This Report and Recommendation is submitted to the United
14 States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636
15 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern
16 District of California.  Within thirty (30) days after being served with a copy, any party may file
17 written objections with the court and serve a copy on all parties.  Such a document should be
18 captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies to the
19 objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail)
20 after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
21 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified
22 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
23 Cir. 1991).

24 IT IS SO ORDERED.

25 **Dated:    April 20, 2007**            /s/  William M. Wunderlich
                                            UNITED STATES MAGISTRATE JUDGE

2